FILED
2018 Apr-26 PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| TERRANCE MARQUAZ SEAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-cv-00823-LSC-HNJ |
| ) | |
| LAUOLEFISO P. JONES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report on March 30, 2018, recommending defendant Jones's motion for summary judgment be granted. (Doc. 28). On April 16, 2018, the plaintiff filed objections to the report and recommendation and moved for appointment of counsel. (Docs. 29, 30).

In his objections, the plaintiff restates his claims that defendant Jones assaulted him on October 6, 2014, and harassed him thereafter. (Doc. 30). However, the plaintiff fails to adequately address in his objections that the lack of evidence in the record precludes a reasonable jury from finding in his favor. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Specifically, the magistrate judge found the following: (1) the plaintiff's medical records indicate that he did not suffer any injury after the altercation with defendant Jones

on October 6, 2014; (2) photographs of the plaintiff shortly after the altercation do not show any visible injury; and (3) witnesses, including inmate Zebedee Hayes, stated that the plaintiff charged Jones, which contradicts the plaintiff's account that Jones punched him while he sat in the barber's chair. (Doc. 20-4 at 1-2, 4-9; Doc. 20-5 at 1-2).

The plaintiff merely argues that medical staff failed to document his injuries in an effort to cover up the assault. (Doc. 30 at 4). Beyond the plaintiff's own averments, he does not offer any facts establishing that medical and prison staff were complicit in covering up the assault. Thus, the plaintiff's bare allegations are insufficient to create a genuine issue of material fact. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) ("court [need only] draw all *reasonable* inferences in favor of the nonmoving party") (emphasis added).

The plaintiff claims in his objections that medical and prison staff failed to provide him with his medical records which would show he received treatment for his eye and hernia after the alleged assault. (Doc. 30 at 3). However, the plaintiff does not explain why he did not move for discovery of his medical records concerning his alleged injuries.[1]

---

[1] The Order for Special Report advised the plaintiff that he could move for additional discovery within thirty days from the date the defendant filed the Special Report. (Doc. 13 at 5-6). The Order for Special Report further notified the plaintiff that to request additional discovery, he must file a motion specifically identifying the nature of the discovery sought and the reason the initial disclosures were inadequate to provide the information sought. (*Id*. at 5).

The plaintiff also claims that he received treatment at Brookwood Hospital for his eye and hernia, but fails to state why he did not request those records directly from Brookwood in support of his claims. (Doc. 30 at 3). Indeed, the plaintiff attaches to his motion for appointment of counsel a medical release form addressed to Brookwood Medical Center, and dated April 8, 2018, in which he requests his medical records concerning his hernia surgery and eye treatment. (Doc. 29 at 5).

The plaintiff further states in his objections that witnesses to the alleged assault, including inmate Hayes and Sergeant Truitt, would testify that they did not participate in his disciplinary hearing on October 24, 2014. (Doc. 30 at 2). However, the plaintiff has not provided the affidavits of either of these individuals. Rather, the evidence produced by the defendant shows a hearing took place on or about October 24, 2014, and both Hayes and Truitt testified that they saw the plaintiff charge Jones, which contradicts the plaintiff's assertions that Jones punched the plaintiff while he sat in the barber's chair. (Doc. 20-5 at 1-2).

The plaintiff further objects to the magistrate judge's finding that he requested only injunctive relief from the defendant. (Doc. 30 at 2). Specifically, the magistrate judge found that the plaintiff requested only that Jones be charged criminally and that the court prohibit Jones from being near him. (Doc. 1 at 7;

---

The plaintiff did not move for discovery of his medical records concerning his eye and hernia treatment.

Doc. 21 at 3; Doc. 23 at 1-2, 3). The magistrate judge concluded that the plaintiff lacked standing to seek the requested relief.

The plaintiff now claims that he requested monetary relief in the amount of $100,000.00 in his "Summary Judgment Rule 56 response." (Doc. 30 at 2). A review of the plaintiff's responses to the defendant's motion for summary judgment does not reflect that he requested monetary relief. (Docs. 21, 23). Regardless, a response to a motion for summary judgment is not the proper method by which to amend the complaint. *See Flintlock Const. Services, LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1227-28 (11th Cir. 2013). At most, it appears that the plaintiff included a request for damages in one of his motions for appointment of counsel. (Doc. 14 at 1). However, the plaintiff does not dispute that he did not move to amend his complaint to request monetary relief. Thus, the only requests for relief before the court are the plaintiff's requests for injunctive relief, which he lacks standing to seek.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the court **ORDERS** that the defendant's motion for summary judgment is **GRANTED**, the court finding no genuine issues of material

fact exist. Additionally, the court **DENIES** the plaintiff's motion for appointment of counsel.

**DONE** AND **ORDERED** ON APRIL 26, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
160704